IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIERRA WILLIAMSON, PRINCETON B. WILLIAMSON and MICHAEL C. WILLIAMSON, | )<br>)<br>) |
| Plaintiffs, | ) No. 14 CV 6397<br>)<br>) |
| v. | ) JUDGE SHARON JOHNSON<br>) COLEMAN |
| CHICAGO POLICE OFFICER WILFREDO ORTIZ, STAR NO. 9748; UNKNOWN CHICAGO POLICE OFFICERS, Individually and as Employees/Agents of the City of Chicago; and CITY OF CHICAGO, a municipal Corporation, | )<br>) MAGISTRATE FINNEGAN<br>)<br>)<br>)<br>) Jury Demand<br>) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs KIERRA WILLIAMSON, PRINCETON B. WILLIAMSON and MICHAEL C. WILLIAMSON, by and through their attorneys LAW OFFICES OF JEFFREY J. NESLUND and MICHAEL D. ROBBINS & ASSOCIATES, and complaining against the Defendants, CHICAGO POLICE OFFICER WILFREDO ORTIZ, Star No. 9748, UNKNOWN CHICAGO POLICE OFFICERS, individually and as agents of the CITY OF CHICAGO, and CITY OF CHICAGO, a municipal corporation state and allege as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of Plaintiffs' constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

1

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

**PARTIES**

3. Plaintiffs, KIERRA WILLIAMSON, PRINCETON B. WILLIAMSON and MICHAEL C. WILLIAMSON, reside in the City of Chicago, County of Cook, and State of Illinois and are United States citizens.

4. Defendant CITY OF CHICAGO, is a municipal corporation duly formed and incorporated pursuant to the laws of the State of Illinois. It is responsible for the policies, procedures, and practices, implemented through its various agencies, agents, departments, and employees and for injuries occasioned thereby. At all times relevant to this complaint it was the employer of the Defendants CHICAGO POLICE OFFICER WILFREDO ORTIZ, STAR NO. 9748 and UNKNOWN CHICAGO POLICE OFFICERS.

5. Defendants CHICAGO POLICE OFFICER WILFREDO ORTIZ, STAR NO. 9748 and UNKNOWN CHICAGO POLICE OFFICERS were at all times material to this complaint employed by the CITY OF CHICAGO, as duly appointed and sworn police officers, and were at all times material to this complaint, acting within their official capacity, and under color of law and their authority, as police officers, employed by Defendant CITY OF CHICAGO.

6. This matter is being brought against Defendants CHICAGO POLICE OFFICER WILFREDO ORTIZ, STAR NO. 9748, and UNKNOWN CHICAGO POLICE OFFICERS individually, and in their official capacity as police officers employed by Defendant CITY OF CHICAGO.

**FACTUAL SUMMARY**

7. On January 1, 2014, Plaintiffs KIERRA WILLIAMSON, PRINCETON B. WILLIAMSON and MICHAEL C. WILLIAMSON were present, as invitees, and lawfully upon the premises, located at 144 W. 105th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On the above date and location, Defendants OFFICER WILFREDO ORTIZ, and UNKNOWN CHICAGO POLICE OFFICERS, did, without just cause or legal justification, discharge their firearms at Plaintiffs KIERRA WILLIAMSON, PRINCETON B. WILLIAMSON and MICHAEL C. WILLIAMSON, causing severe and permanent injuries.

9. After shooting all three PLAINTIFFS, DEFENDANT OFFICER ORTIZ conspired with other unknown officers to cover up the unjustified shooting by fabricating false reports and false statements to investigating officers and prosecutors.

**COUNT I**
**(42 U.S.C. § 1983: Excessive Force)**

10. Plaintiffs re-allege and incorporate paragraphs 1-9 above as fully stated herein.

11. The acts of the DEFENDANT OFFICERS were a deliberate and malicious deprivation of the Plaintiffs' constitutional rights against excessive force as guaranteed to the Plaintiffs by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

12. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS, the Plaintiffs suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983.

## COUNT II
### (Section 1983 Conspiracy Claim)
### (As to All Defendants)

13. Plaintiffs re-allege and incorporate paragraphs 1-9 above as fully stated herein.

14. The DEFENDANT OFFICERS conspired to cover up their own and each others' misconduct. The DEFENDANT OFFICERS took affirmative acts in furtherance of this conspiracy, including falsifying police reports, initiating false criminal complaints and making false statements to detectives and prosecutors.

15. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT III
### (Monell)

16. Plaintiffs re-allege and incorporate paragraphs 1-9 above as fully stated herein.

17. The Chicago Police Department (the "Department") is a subsidiary division of Defendant, the CITY OF CHICAGO. The City maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendants, OFFICER WILFREDO ORTIZ and UNKNOWN CHICAGO POLICE OFFICERS, and their supervisors.

18. The Defendant CITY, through its subsidiary the Chicago Police Department, has established certain policies and procedures which were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Chicago Police Department, and were thereby ratified by the CITY OF CHICAGO.

19. At the time of this occurrence and prior thereto, there existed within the Chicago Police Department policies and procedures which result in the failure or refusal of the Chicago

4

Police Department to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers against civilian citizens of Chicago.

20. The failure or refusal of the Chicago Police Department to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers, and the resulting failure of the Chicago Police Department to properly discipline its officers for the illegal use of excessive force, is the proximate cause of frequent injuries to civilian citizens, including Plaintiffs KIERRA WILLIAMSON, PRINCETON B. WILLIAMSON and MICHAEL C. WILLIAMSON.

21. At the time of this occurrence and prior thereto, the CITY, through the Chicago Police Department, utilized the Detective Division to ostensibly investigate incidents in which Chicago Police Officers, including fellow members of the Detective Division, use deadly force resulting in death or great bodily injury to civilian citizens. The investigation by Chicago Police Detectives and other Police personnel of the use of deadly force by other Chicago Police Officers, including members of the Detective Division, creates a transparent conflict of interest which improperly influences the investigative process and the decisions that flow there from.

22. As part of its policy or custom of failing to properly or legitimately investigate the use of deadly force by Chicago Police Officers, the Department commonly classifies as "justified" the use of deadly force by Chicago Police Officers under facts and circumstances in which a citizen using deadly force under the same circumstances, would have been charged criminally for the very conduct which is deemed "justified" when committed by a Chicago Police Officer.

23. A principal facet of the unlawful policies and customs employed by the CITY is the fact that in many, if not all material respects, the Chicago Police Department investigates the

use of deadly force differently, and far less stringently, when a Chicago Police Officer is the one using deadly force, then when it investigates the use of deadly force by a civilian citizen.

24. The manner in which the purported investigation of the use of force by Defendants, OFFICER WILFREDO ORTIZ and UNKNOWN CHICAGO POLICE OFFICERS, was conducted, is representative of the disparity in investigations of the use of deadly force by police officers as compared with investigations of the use of deadly force by citizens.

25. The failure and refusal by the CITY, through the Department, to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers, signals a tolerance by the CITY of the improper use of deadly force by Chicago Police Officers, and constitutes a deliberate indifference by the CITY to such conduct.

26. By its polices of non-feasance and deliberate indifference in the aforementioned areas, the CITY, through the Chicago Police Department, let it be known to its supervisors and officers, such as DEFENDANT OFFICER ORTIZ, that the CITY condoned, ratified and, by virtue thereof encouraged, the unwarranted and illegal use of deadly force by said officers.

27. The failure and refusal by the CITY, through the Department, to investigate the use of deadly force by sworn Chicago Police Officers in the same manner and form, and subject to the same standards, as those used by the Department in its investigations of the use of such force by civilian citizens, creates unwarranted and illegal favored treatment for a class of citizens, Chicago Police Officers, as compared with the treatment afforded civilian citizens.

28. The acts and omissions of the defendant THE CITY OF CHICAGO, through the policies and procedures implemented by the Chicago Police Department, were a deliberate and malicious deprivation of Plaintiffs KIERRA WILLIAMSON, PRINCETON B. WILLIAMSON and MICHAEL C. WILLIAMSON Constitutional rights as guaranteed to the plaintiff by the

Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

29. As a direct and proximate cause of the wrongful acts of defendant THE CITY OF CHICAGO, Plaintiffs, KIERRA WILLIAMSON, PRINCETON B. WILLIAMSON and MICHAEL C. WILLIAMSON, suffered great bodily injury.

## COUNT IV
### (State Law Claim: Indemnification)

30. Plaintiffs re-allege and incorporate paragraphs 1-9 as fully stated herein.

31. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

32. DEFENDANT OFFICERS are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

Respectfully submitted,

/s/ Jeffrey J. Neslund
Jeffrey J. Neslund, One of Plaintiffs' Attorneys

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 N. Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-1100

Michael D. Robbins
Michael D. Robbins & Associates
20 N. Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 899-8000