IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIERRA WILLIAMSON, PRINCETON B. WILLIAMSON and MICHAEL C. WILLIAMSON, | ) ) ) ) | |
| | ) | No. 14 CV 6397 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Sharon Johnson Coleman |
| CHICAGO POLICE OFFICER WILFREDO ORTIZ, STAR NO. 9748; UNKNOWN CHICAGO POLICE OFFICERS, individually and as Employees/Agents of the City of Chicago; and CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) ) ) ) | Magistrate Judge Finnegan<br><br>JURY DEMAND |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
SUPPLEMENTAL PETITION FOR ATTORNEYS' FEES PLUS INTEREST**

Defendants Chicago Police Officer Wilfredo Ortiz, Star No. 9748, and the City of Chicago (collectively "Defendants"), by and through their undersigned attorneys, Nathan & Kamionski LLP., pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54.3(f) of the Northern District of Illinois, submit this Response in Opposition to Plaintiffs' Supplemental Petition for Attorneys' Fees Plus Interest, and state as follows:

**Summary**

1. Plaintiffs are not entitled to an award that so egregiously exceeds the reasonable expense of litigating a fee petition. Furthermore, Plaintiffs are not entitled to any prejudgment interest. Defendants request that the Court deny Plaintiffs' Supplemental Petition for Attorneys' Fees Plus Interest in its entirety, or in the alternative, reduce the supplemental award of attorneys' fees to a reasonable amount.

**Background**

2.  Following a jury verdict finding in Plaintiffs' favor, Plaintiffs filed a petition for attorneys' fees and costs on August 8, 2018 in the amount of $3,626,066.25. (Plaintiffs' Petition for Fees and Case Cost ("Pls. Pet.") (Dkt. 268)).

3.  Defendants filed their Response in Opposition to Plaintiffs' Petition for Fees and Case Cost ("Defendants' Response") on January 25, 2019. (Dkt. 287). Plaintiffs filed their reply to Defendants' response on February 18, 2019. (Plaintiffs' Reply to Defendant's Response to Plaintiffs' Petition for Attorneys' Fees ("Plaintiffs' Reply") (Dkt. 296)).

4.  On March 19, 2019, Plaintiffs then filed a supplemental petition for attorneys' fees to recover fees spent litigating their fee petition. (Plaintiffs' Supplemental Petition for Attorneys' Fees Plus Interest ("Pls. Supp. Pet.") (Dkt. 300)). Plaintiffs now seek an additional $132,468.75 for litigating their attorneys' fees.

**Plaintiff Should Not Be Awarded Additional Fees
On Top Of Their Already Grossly Excessive Fee Petition**

5.  It is difficult to imagine a more unreasonable fee request than the one brought here. In this supplemental petition, Plaintiffs seek additional recovery that is grossly inflated by (1) the needless use of multiple partner-level attorneys to draft a reply brief, (2) the duplicative and redundant review of Defendants' Response by each partner, and (3) the belief that Plaintiffs are entitled to prejudgment interest on their attorneys' fees.

6.  Mr. Neslund, Mr. Robbins, and Mr. Robertson regularly handle civil rights matters, as they so eloquently outlined in Plaintiffs' Reply. Indeed, Mr. Neslund represents himself and his colleagues as having "outstanding qualifications and highly relevant experience" as well as "significant achievements" in civil rights cases. (Plaintiffs' Reply pp. 5-6). Yet, Plaintiffs seek the

recovery of over 236 hours for mostly reviewing billing entries and drafting a reply. (*See* Pls. Supp. Pet. at Ex. A, B, C).

7. Plaintiff sought 80 attorney hours to draft their initial fee petition. (Plaintiffs' Reply p. 22). Yet somehow, Plaintiffs now require three times that amount to read a response brief, review billing records previously submitted by them, and to draft a reply brief. This amount of time is unreasonably high on its face. The more than 236 hours claimed by Plaintiffs amounts to the equivalent of one attorney working 50 hours a week for over four weeks to solely litigate fees. Such an amount of time is neither reasonable nor justifiable for one attorney, let alone for three partner-level attorneys. It certainly is not the kind of time a paying client would tolerate.

8. Furthermore, nothing about Defendants' objections justifies such a significant amount of time to oppose it. Plaintiffs initially filed a voluminous fee petition totaling nearly 400 pages. (*See* Pls. Pet.). Plaintiffs sought attorneys' fees for 12 different people: six attorneys, five law clerks, and one paralegal. (*Id.*) The material contained in Defendants' Response was not information Plaintiffs' counsel had never seen before. It was material based on the billing entries and affidavits attached to Plaintiffs' initial fee petition.

9. Most of Plaintiffs' Reply consisted of recitations of the law (none of which should be new to Plaintiffs' counsel), information contained in Plaintiffs' original fee petition, and clichés and disparaging remarks about defense counsel's handling of the case. The Court should expect to find evidence of efficiency in the preparation of Plaintiffs' Reply. Instead, Plaintiffs' supplemental fee request presents precisely the opposite: multiple partners billing $525 or more per hour for a total of over 180 hours to research, draft and edit a 35-page reply. No paying client would ever accept such a situation.

**No Award Of Prejudgment Interest
On Plaintiffs' Fee Petition Is Warranted**

10. Plaintiffs also ask for prejudgment interest on their award of attorneys' fees, an award that has not been decided by the Court as of yet, running from the date they filed their fee petition on August 8, 2018. Contrary to Plaintiffs' argument, there is no justification for awarding prejudgment interest.

11. Prejudgment interest is designed to compensate for the loss of value of the money awarded over time. *Pickett v. Sheridan Health Care Center*, 813 F.3d 640, 646-47 (7th Cir. 2016). "The basic purpose of prejudgment interest is to put a party in the position it would have been in had it been paid immediately." *Am. National Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 935 (7th Cir. 2003).

12. The Seventh Circuit has held that plaintiffs may collect interest on attorneys' fees if there is a delay in awarding payment. *Smith v. Maywood*, 17 F.3d 219, 221 (7th Cir. 1994) (citing *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989)). However, "[i]f payment was not delayed…there is no need for an award of compensating interest." *Scott v. Peterson*, No. 09 C 1633, 2010 WL 3173001, at *11 (N.D. Ill. Aug. 11, 2010).

13. First, there has been no undue delay in awarding Plaintiffs' attorneys' fees that warrants awarding prejudgment interest. Plaintiffs delayed their own award for attorneys' fees by filing a motion to extend the time to file their petition until 30 days after the resolution of Defendants' post-trial motions (*See* Dkt. 236), and then choosing to zealously litigate their fees rather than accepting Defendants' very generous offer to pay a reasonable fee award as fully set forth in the parties' joint statement. *See* Joint Statement for Fees and Expenses, Dkt. 283; *see also Shott v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 338 F.3d 736, 746 (7th Cir. 2003) ("It would have been inappropriate to provide the plaintiff with an enhancement for the delay when the plaintiff

caused the delay"); *Richardson v. City of Chicago*, No. 08 C 4824, 2013 WL 2451107, at *6-7 (N.D. Ill. June 5, 2013) (holding that plaintiff's reward of prejudgment interest would not include the time litigating plaintiff's fee petition due to plaintiff's refusal to reduce his fee request); *Alicea v. All Our Children's Advocacy Center*, No. 15 C 7795, 2017 WL 6513164, at *8 (N.D. Ill. Sept. 6, 2017) (finding that plaintiff's conduct of prolonging the attorneys' fees litigation precluded her from receiving prejudgment interest on her attorneys' fees).

14. Second, Plaintiffs appear to misunderstand the law on the awarding of prejudgment interest. Plaintiffs' attorneys are attempting to be awarded interest for the loss of value of their fees over time. However, Plaintiffs' counsel did not seek fees at the rates when they actually litigated the case (2014 to 2017), which could make an award of interest appropriate. Rather, Plaintiffs' attorneys sought fees at what they claim to be their current hourly rate. (*See* Pls. Pet. at pp. 10-13). Therefore, interest is not necessary to compensate Plaintiffs' counsel for the depreciation of any amount of fees awarded. *See Rodriguez ex rel. Fogel v. City of Chicago*, No. 08 C 4710, 2013 WL 5348307, at *2 (N.D. Ill. Sept. 4, 2013) ("In determining how to best compensate an attorney for the delay associated with collecting a fee award, courts may base the award on current rates or use historical rates while adjusting the fee to reflect its present value.") (citing *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 556 (2010)); *Pickett*, 813 F.3d at 647 (holding that because the court awarded an attorney his current market rate, no interest was due); *see also Smith v. Maywood*, 17 F.3d 219, 221 (7th Cir. 1994) (detailing two methods to compensate for the delay of awarding attorneys' fees: (1) using the attorney's current market rate, or (2) using the attorney's rate when services were actually rendered to the client and adding interest).

15. Plaintiffs' mistaken belief that they are entitled to prejudgment interest is based on the decisions in *Dupuy v. McEwen*, 648 F. Supp. 2d 1007 (N.D. Ill. 2009) and *In re Continental*

*Illinois Securities Litigation*, 962 F.2d 566 (7th Cir. 1992). (*See* Pls. Supp. Pet. at p. 2). However, Plaintiffs ignore the facts in each of these cases that serve as the basis for these decisions.

16. In *Dupuy*, two years had passed between the time when the plaintiffs fee petition was filed and the time of the Court's judgment awarding fees. *Dupuy*, 648 F. Supp. 2d at 1018-19. In *In re Continental Illinois Securities Litigation*, prejudgment interest was awarded to make up for the fact that attorneys' fees awarded in late 1990 were based on 1988 billing rates. *In re Continental Illinois Sec. Litig.*, 962 F.2d at 581. The facts in these two cases are clearly distinguishable from the instant case. Plaintiffs did not seek fees based on rates that are two years old. It has not been a full calendar year since the date Plaintiffs filed their initial fee petition. Further, Plaintiffs fail to cite a single case where prejudgment interest was sought on a fee award for market rates that are less than a year old. Indeed, any delay in the awarding of fees in this case are attributable to Plaintiffs' counsel's delay in filing their petition till over a year after the trial concluded, filing a grossly inflated fee petition and failing to comply with the joint statement requirement of Local Rule 54.3 prior to filing their petition.

17. Plaintiffs also do not support this claim of interest by demonstrating that their fees have substantially increased in the eight or so months since their fee petition was initially filed. Changes in billing rates may occur year to year, not month to month. In fact, Plaintiffs are now seeking fees for work done in 2019 at the same rate that they sought in August 2018. (*See* Pls. Pet. at pp. 10-13; Pls. Supp. Pet. at Ex. A, B, C). This disproves that any prejudgment interest should be awarded, as their requested rates have not changed since August 2018. Plaintiffs do not get to have their cake and eat it too. By seeking their current hourly rates, even though that number is disputed, Plaintiffs are precluded from receiving prejudgment interest.

WHEREFORE, the Defendants respectfully request that this Court deny Plaintiffs' Supplemental Petition for Attorneys' Fees Plus Interest in its entirety or, in the alternative, to reduce the supplemental award of attorney's fees to a reasonable amount, and grant any relief the Court deems just.

Respectfully submitted,

*/s/ Natalie Y. Adeeyo*
Natalie Adeeyo

Avi T. Kamionski
Shneur Z. Nathan
Natalie Y. Adeeyo
Nathan & Kamionski LLP
33 West Monroe, Suite 1830
Chicago, IL 60603
(312) 612-1072
nadeeyo@nklawllp.com

**<u>CERTIFICATE OF SERVICE</u>**

    I, Natalie Y. Adeeyo, an attorney, hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

                                                           */s/ Natalie Y. Adeeyo*
                                                           Natalie Adeeyo